By the Court :
The petition in error in this court was filed on the 12th day of May, 1900. As to the filing of briefs the case is therefore governed by rule 2, as revised in 1899, .and by its terms expressly made applicable to all cases in which petitions in error are filed on' or after February 9, 1900. The pertinent sections of the rule as then amended are as follows:
Section 1. It is hereby made the duty of the plaintiff, or party holding the affirmative, within five months after the filing of the petition in error, to have filed with the clerk ten printed copies of a brief or argument thereon, containing a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the printed record, as is necessary to show how the questions arise, with marginal reference to the headings and points made, and whenever the constitutionality or *350 construction of a statute is involved, the brief shall contain a copy of such statute; and for want of such printed copies being so filed, unless good reason be shown to the contrary, the cause will be dismissed for want of prosecution, or otherwise disposed of at the discretion of the court.
Section 2. It is hereby made the duty of the defendant in error, or party holding the negative, if he-desires to be heard, to file ten copies of a like brief, printed with like references, within seven- months-after the filing of the petition in error.
Section 3. A copy of the printed record and of the brief of the plaintiff shall be served on defendant in error or his counsel forthwith; and the brief of defendant in error shall be served on opposite counsel forthwith upon the filing of the same. All reply briefs-must be filed and served on opposite counsel within eight months after the filing of the petition in error.
Section 4. Proof of service of all briefs shall be,, immediately after the making of such service, filed with the clerk. And failure to so file may be ground for dismissal of the cause.
The brief of plaintiff in error not having been filed within five months after the filing of the petition in error as required by Section 1 the cause was dismissed.
On November 3d, the plaintiff in error filed a motion, with an affidavit for the reinstatement of the case, which is asked for the following reasons: The brief was not placed in the hands of the printer until the 8th of October, it being so short that it should have been printed within twenty-four hours,and counsel believing that the time for filing it did not expire until October 18th. The printer did not place the printed brief in the hands of counsel until the 15th *351 of October, and on the 16th copies were served on adversary counsel.
The former rule upon the subject required the brief of the plaintiff in error to be filed within “a reasonable time” before the uncertain event of the call of the case. The elements of uncertainty which it involved gave rise to many misapprehensions as to the operations of the rule, and much time of counsel and the court was consumed in presenting and hearing motions to reinstate. To avoid such consumption of time, and to get rid of the uncertainty which sometimes gave merit to such motions, the present rule was adopted. The dates which it fixes are as definite as those fixed by the statutes which limit proceedings-in error or prescribe the date for filing printed record. There can be no merit in an application which assumes that the rule, or its operation, has been misapprehended. The benefits anticipated from the-operation of the rule can not be realized unless it is enforced. If it should be suspended to relieve one of' the consequence of his inattention it would have to be abrogated by suspension for all. The rule intimated should be applied in all cases, but it is announced in a case in which the brief was purposely-withheld from the printer until within ten days of the time when counsel supposed it should be filed. The time allowed, five months, is supposed to be ample, if carefully used, for the preparation of briefs in all cases; but it is not intimated that consideration will not be given to timely applications for leave to file briefs at a later date than that fixed by the rule, if it appears that the time allotted, though carefully-used, is insufficient for proper preparation.

Motion overruled.